# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA JOY JOHNSTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRANDON DURKIN, et al.,<br><br>Defendants. | Case No. 1:23-cv-00797-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY THE FILING FEE<br><br>(ECF Nos. 2, 3)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiffs Melissa Joy Johnston and Sandra Lee Johnston (collectively "Plaintiffs") are proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiffs also submitted a single application to proceed *in forma pauperis* in this action. (ECF No. 2.) Plaintiffs did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On May 26, 2023, the Court denied the application, on the basis that it could not determine from the information provided in the application whether Plaintiffs were entitled to proceed in this action without the prepayment of fees. (ECF No. 3.) More specifically, the Court noted Plaintiffs only submitted one application, but it was unclear which Plaintiff was applying for IFP status; moreover, the application was not completely filled out. Accordingly, the Court ordered

1  Plaintiffs to each either file a long form application to proceed IFP or pay the filing fee by June
2  26, 2023.  (Id.)  Further, the Court cautioned Plaintiff that failure to comply with its order would
3  result in dismissal of this action.  (Id. at 2.)  The deadline to file an application to proceed IFP or
4  pay the filing fee has expired and neither Plaintiff has submitted an IFP application, paid the
5  filing fee, requested an extension to do so, or submitted any other filings.

## II.
## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure … of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, … dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

## III.
## DISCUSSION

Here, any application to proceed *in forma pauperis* is overdue, neither Plaintiff has paid the filing fee for this action, and Plaintiffs have failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiffs cease litigating their case.  Thus, the

1 Court finds that both the first and second factors weigh in favor of dismissal.

2       The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal,
3 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
4 action.  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs
5 against dismissal because public policy favors disposition on the merits.  Pagtalunan v. Galaza,
6 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
7 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
8 progress in that direction," as here.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460
9 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

10       Finally, the Court's warning to a party that failure to obey the Court's order will result in
11 dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262;
12 Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's May 26, 2023 order
13 expressly warned Plaintiffs that their failure to comply with the Court's order would result in a
14 dismissal of this action.  (ECF No. 3.)  Thus, Plaintiffs had adequate warning that dismissal
15 could result from their noncompliance.

16       Additionally, at this stage in the proceedings there is little available to the Court that
17 would constitute a satisfactory lesser sanction while protecting the Court from further
18 unnecessary expenditure of its scarce resources.  Plaintiffs have not paid the filing fee, and will
19 likely attempt to proceed *in forma pauperis* in this action, apparently making monetary sanctions
20 of little use, and the preclusion of evidence or witnesses is likely to have no effect given that
21 Plaintiffs have ceased litigating their case.

## IV.

### ORDER AND FINDINGS AND RECOMMENDATION

24       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to
25 randomly assign this matter to a District Judge.

26       Further, the Court finds that dismissal is the appropriate sanction and HEREBY
27 RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court
28 order, failure to pay the filing fee, and for Plaintiffs' failure to prosecute this action.

1      These findings and recommendations are submitted to the district judge assigned to this
2 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**
3 **(14) days** of issuance of this recommendation, Plaintiffs may file written objections to the
4 findings and recommendations with the Court.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Alternatively, Plaintiffs
6 may elect to pay the required filing fee.  The district judge will review the magistrate judge's
7 findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiffs are advised that
8 failure to file objections within the specified time may result in the waiver of rights on appeal.
9 Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d
10 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 30, 2023**

UNITED STATES MAGISTRATE JUDGE